UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON KENNETH ANDERSON, | Civil No. 13-3152 (DWF/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARK DAYTON, as Governor of the State of Minnesota, LUCINDA JESSON, as Commissioner of the Department of Human Services, and THE STATE OF MINNESOTA, | |
| Respondents. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The matter

has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend

that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction,

pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States

District Courts.[1]

## I. BACKGROUND

Petitioner is a civilly committed detainee at the Minnesota Sex Offender Program,

("MSOP"), located in Moose Lake, Minnesota.  He was committed in 2006, after he was

found to be a "sexually psychopathic personality," and a "sexually dangerous person,"

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

under Minnesota law.  (Petition, p. 2, ¶ 5.)  Petitioner challenged his civil commitment in a direct appeal to the Minnesota Court of Appeals, but his claims were denied, and the civil commitment order was upheld.  See In re Civil Commitment of Anderson, No. A06-2008 (Minn.App. 2007) 2007 WL 824019 (unpublished opinion), rev. denied, May 30, 2007.

After Petitioner's civil commitment was upheld on direct appeal, he filed a habeas corpus petition here in the United States District Court for the District of Minnesota.  See Anderson v. Pawlenty, Civil No. 09-1011 (DWF/RLE), [hereafter "Anderson I"].  Petitioner's previous habeas corpus petition challenged the legality of his state civil commitment on several grounds.  All of those grounds were considered and rejected, and Anderson I was dismissed with prejudice.  See Anderson I, Order dated July 28, 2010 [Docket No. 15], (reported at 2010 WL 3023279), adopting Report and Recommendation of Magistrate Judge Raymond L. Erickson, dated March 16, 2010, [Docket No. 11], (reported at 2010 WL 3023295).  Petitioner did not appeal that ruling.

In April 2012, Petitioner raised new challenges to his civil commitment by filing a state court motion seeking relief under Minn. R. Civ. P. 60.02.  Petitioner's Rule 60.02 proceeding was dismissed at the trial court level, and he then filed a new appeal.  The Minnesota Court of Appeals affirmed the trial court's ruling on November 13, 2012, and the Minnesota Supreme Court denied Petitioner's application for further review on January 29, 2013.  In re Civil Commitment of Anderson, No. 12-1111 (Minn.App. 2012), 2012 WL 5476173 (unpublished opinion), rev. denied, Jan. 29, 2013.

Petitioner's current habeas corpus petition, filed on November 15, 2013, raises four challenges to his civil commitment, which he has described as follows:

(1) "Respondents violated petitioners federal due process and equal protection rights by failing to meet threshold requirements needed for the trail court to establish Subject Matter Jurisdiction and Personal Jurisdiction over the person or the Hennepin County petition which eventually came before the Douglas County Court and resulted in the judgment for which he is now held, therefore he alleges to be illegally detained on a legally ineffective and void judgment."

(2) "Respondents violated petitioner's federal due process and equal protection rights by violating a 1993 plea agreement."

(3) "Petitioner['s] Sixth Amendment right to effective assistance of council [sic] was violated where there was a conflict of interest and counsel failed to vigorously advocate in protecting the interest of his client."

(4) "Respondents engaged in a form of selective prosecution which violated petitioner's due process and constitutional right to be free from vindictive and malicious prosecution."

(Petition, pp. 3, 9, 12, and 14.)

It is clear that Petitioner is presently seeking federal habeas corpus review of the same civil commitment order that was before the Court in Anderson I. Therefore, the present habeas corpus petition is a "second or successive petition," which must be summarily dismissed for the reasons discussed below.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2] Under that rule, a federal district court cannot entertain a second

---

[2]  28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

or successive application for habeas corpus relief filed by a state detainee, unless he has

first obtained authorization from the appropriate court of appeals allowing him to file

another petition.  28 U.S.C. § 2244(b)(3)(A).  See Cox v. Norris, 167 F.3d 1211, 1212 (8th

Cir. 1999) (prisoner must receive pre-authorization from the court of appeals in order for

a district court to consider a second or successive application for habeas corpus relief);

---

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>  **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. **[Continued....]**
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

The petition now before this Court is Petitioner's second application for federal habeas corpus review of his civil commitment order.  Because Petitioner's previous challenge to that order, in Anderson I, was dismissed with prejudice, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).  This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition).  Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).  See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the

district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

Petitioner apparently believes that he is automatically entitled to challenge his civil commitment order in a new habeas corpus petition, simply because he is (allegedly) attempting to bring new claims that were not presented in Anderson I. (See Petition, p. 16, ¶s 10-11.)  But that notion must be rejected.  Even brand new claims cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court.  See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the court of appeals).  See also Crawford, 698 F.3d at 1088-89 ("the court of appeals may authorize a second or successive petition if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence' and 'the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense'") (quoting 28 U.S.C. § 2244(b)(2)(B)).

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's civil commitment order, unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals.  Because Petitioner has not yet obtained the requisite pre-authorization order from the Court of Appeals, this case must be summarily dismissed for lack of jurisdiction.  The United States District Court for the District of Minnesota cannot entertain any habeas claims challenging Petitioner's civil commitment order, unless the Eighth Circuit Court of Appeals first grants him permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2).  (See n. 2, supra.)  If Petitioner can meet that requirement, and the Court of Appeals then grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[3]  Petitioner is advised, however, that this District Court will not entertain any future habeas corpus petition pertaining to his civil commitment order, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[4]

---

[3]  There is some case law suggesting that an action barred by § 2244(b)(3)(A) can be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has not specifically attempted to meet that standard in his present submissions, it makes more sense to dismiss the present action (without prejudice), and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[4]  Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to show that his new petition is not barred by the one-year statute of limitations that applies to habeas corpus petitions brought under 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d).

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by an application for leave to proceed in forma pauperis, ("IFP"), and a motion for appointment of counsel. (Docket Nos. 2 and 3.) The Clerk's records indicate that Petitioner has already paid the full $5.00 filing fee for this case, and thus it appears he has no present need for IFP status. Petitioner's IFP application will therefore be denied as moot. Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's motion for appointment of counsel be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Petitioner's current habeas corpus claims should be adjudicated on the merits in the present action. The Court finds nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2.  Petitioner's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be **DENIED AS MOOT**;

3.  Petitioner's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

4.  This action be summarily **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**; and

5.  Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: December 6, 2013

> s/Leo I. Brisbois
> LEO I. BRISBOIS
> United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 20, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.